## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUSIANA
## LAKE CHARLES DIVISION

LARRY W. ALEXANDER and MISTY
ALEXANDER, on behalf of themselves
and all others similarly situated,

           Plaintiffs,               Case No. 21-_____

v.                                Hon. _____

GEOVERA SPECIALTY INSURANCE
COMPANY,

           Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiffs LARRY W. ALEXANDER and MISTY ALEXANDER, by and through their attorneys, Giroux Trial Attorneys, P.C. and Cox, Cox, Filo, Camel & Wilson L.L.C., on behalf of themselves and all others similarly situated, states the following for their class action complaint pursuant to Rule 23 of the Federal Rules of Civil Procedure seeking monetary, declaratory and injunctive relief for the Plaintiffs and the class they represent against the above-named Defendant:

## PARTIES

1.      Plaintiffs are citizens and residents of Allen Parish, Louisiana who own a residential dwelling located at 219 3rd Street, in the City of Oberlin, Allen Parish, Louisiana, which was insured against loss by Defendant GEOVERA SPECIALTY INSURANCE COMPANY ("GeoVera" or "Defendant").

2.      At all times relevant, Defendant GeoVera is and has been a Delaware corporation, with its principal place of business in the State of California, carrying on the business of

insurance within the Lake Charles Division of the Western District of Louisiana and throughout the State of Louisiana.

3.      On information and belief, GeoVera utilizes a standard form property insurance policy throughout the State of Louisiana and all its respective Louisiana policyholders have the same rights and GeoVera the same obligations under the terms of the standard form policy.

4.      On information and belief, such policies uniformly contain language stating that GeoVera, with regard to covered accidental direct physical loss or damage, will be responsible for the actual cash value or replacement cost of the reasonable repair or replacement cost of the component parts damaged for equivalent construction with materials of like kind and quality.

## JURISDICTION AND VENUE

5.      This is a class action brought under Rule 23 of the Federal Rules of Civil Procedure seeking monetary, declaratory and injunctive relief for the individual Plaintiffs herein, and the class they represent.

6.      The Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. § 1332(d) because there is diversity between Defendant and Plaintiffs (as well as other members of the proposed class); and, on information and belief, there are more than one hundred members of the proposed class and the amount in controversy exceeds $5,000,000 exclusive of interest and costs. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 2201 and 2202 and is authorized to grant declaratory relief under these statutes.

7.      Venue lies in the Lake Charles Division of the Western District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to the claims asserted herein occurred within Allen Parish, which is located within the Lake Charles Division of the Western District of Louisiana.

## STATEMENT OF FACTS

8.      This is a class action based upon a corporate scheme and pattern and practice of improper claims handling and suppression, misrepresentation or failure to reveal pertinent facts relating to policy provisions and coverages perpetrated by Defendant that constitutes unfair methods of competition; unfair or deceptive acts and practices in the trade and conduct of insurance; breach of contract and/or unjust enrichment.

9.      By enacting Part IV of Title 22 of the Louisiana Revised Statutes, La. R.S. 22:1961 et seq., the Louisiana legislature has determined that certain practices by insurance companies in the State of Louisiana are unfair methods of competition or unfair or deceptive acts and practices in the trade and conduct of insurance. Included in this definition of unfair methods of competition or unfair or deceptive acts and practices is the following:

(1)  **Misrepresentations and false advertising of insurance policies.** Making, issuing, circulating, or causing to be made, issued, or circulated any estimate, illustration, circular or statement, sales presentation, omission, or comparison that does any of the following:

(a) Misrepresents the benefits, advantages, conditions, or terms of any policy issued or to be issued. [La. R.S. 22:1964.]

Also included in this definition of unfair methods of competition or unfair or deceptive acts and practices is the following:

(2)  **False information and advertising generally.** Making, publishing, disseminating, circulating, or placing before the public, or causing, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in a newspaper, magazine or other publication, or in the form of a notice, circular, pamphlet, letter or poster, or over any radio or television station, or in any other way, an advertisement, announcement or statement containing any assertion, representation or statement with respect to the business of insurance or with respect to any person in the conduct of his insurance business, which is untrue, deceptive or misleading. [La. R.S. 22:1964.]

                    *                    *                    *

(14) **Unfair claims settlement practices.** Committing or performing with such frequency as to indicate a general business practice any of the following:

(a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue.

(b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

(c) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies.

(d) Refusing to pay claims without conducting a reasonable investigation based upon all available information.

(e) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed.

(f) Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

(g) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

(h) Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application.

(i) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured.

(j) Making claims payments to insureds or beneficiaries not accompanied by statement setting forth the coverage under which the payments are being made.

(k) Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration.

(l) Delaying the investigation or payment of claims by requiring an insured, claimant, or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information.

(m) Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage.

(n) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

(o) Failing to provide forms necessary to present claims within fifteen calendar days of a request with reasonable explanations regarding their use, if the insurer maintains the forms for that purpose. [La. R.S. 22:1964.]

10.    It is the public policy of the State of Louisiana that the business of insurance is a public trust in which public trust all agents, insurers, and claims representatives must serve the best interests of their insureds.

11.    The laws of the State of Louisiana are a part of every Louisiana insurance policy, and the laws applicable to property insurance are a basic ingredient and provision in every Louisiana property insurance policy, including the contracts between Defendant and the Plaintiffs herein and the class members Plaintiffs seek to represent.

**CONDUCT GIVING RISE TO CLAIMS FOR RELIEF**

12.    Starting at a time that is yet to be determined, and continuing through the current date, Defendant engaged in a corporate scheme and pattern and practice of suppression, misrepresentation or failure to reveal pertinent facts relating to policy provisions and coverages and improper claims handling that constitute unfair methods of competition; unfair or deceptive acts and practices in the business of insurance; breach of contract; and/or unjust enrichment by which Defendant reduced the lawful benefits paid to their insureds on their property insurance claims. In particular, Defendant, in adjusting property insurance claims or causing such claims to be adjusted under its standard form insurance policies:

(a)    knowingly and unlawfully fails to "round up" and account and pay for a full commercial sales unit for vinyl siding, plywood, OSB sheathing, drywall, paneling, drip edge and roofing felt on property insurance claims, and instead only pays for a fraction of such commercial sales unit for these material components, when one cannot purchase a fraction of a commercial sales unit of these material components and, accordingly, a full commercial sales unit must be purchased to cover the cost of the fraction of a commercial sales units indicated on Defendant's material components sheets;

(b)    knowingly and unlawfully fails to apply, account and pay for the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted

fractions of the full commercial sales units of the specified material components on property insurance claims; and

(c)    knowingly and unlawfully fails to account and pay for the state and local taxes on the omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) on property insurance claims;

and further, knowingly and unlawfully fails to inform Plaintiff and the Class Members prior to the purchase and/or renewal of their insurance policies at issue of the insurer's interpretation of policy provisions and/or intent or corporate policy of not "rounding up" and accounting and paying for a full commercial sales unit of all the specified material components; accounting and paying for the labor unit price thereon; and accounting and paying for the state and local taxes on such omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) on property insurance claims.

14.    Instead, Defendant, on information and belief, only "rounds up" and account and pay for a full commercial sales unit on shingles.

15.    Defendant has breached its property insurance policy with Plaintiffs and the members of the class Plaintiffs seek to represent by failing to "round up" and account and pay for a full commercial sales unit of all the specified material components; the labor unit price thereon; and the state and local taxes on such omitted fractions of the full commercial sales units (and the labor unit price thereon) on property insurance claims.

16.    On information and belief, by way of the Xactimate estimating system software used by Defendant's adjusters, Defendant includes a percentage for material waste on the material components of its insureds' property insurance claims that is necessary and appropriate to account for the material waste inherent in the repair and replacement of the damaged property.

17.    It is anticipated that Defendant will claim it is overpaying its insureds on their property insurance claims because it is including a percentage for material waste on the material components and that this "rounding up" and accounting and paying for a full commercial sales unit is being done with regard to a fractional unit of a waste commercial sales unit, but this claim is not borne out by Plaintiffs' counsel's investigation.

18.    Rather, the fact remains that: (1) Defendant's insureds are to be paid waste on the material components of their property insurance claims; (2) on information and belief, such waste is added by way of the Xactimate estimating software used by Defendant's adjusters, which software can be set to default to the next commercial sales unit for the specified material components (as is done with shingles); and (3) Defendant's insureds cannot purchase a fraction of a commercial sales unit of such material components and accordingly must purchase a full commercial sales unit and absorb the cost of the fraction of a commercial sales unit omitted by the Defendant on its material components sheets.

19.    As a direct and proximate result of the aforesaid corporate schemes and patterns and practices of suppression, misrepresentation or failure to reveal pertinent facts relating to policy provisions and coverages and improper claims handling perpetrated by Defendant, residents of the State of Louisiana who have made claims for property damage under property insurance policies issued by Defendant (including the Plaintiffs herein and the Class Members) have received less in payment on their property insurance claims than Defendant was obligated to pay or that the Plaintiffs and the Class Members were entitled to receive.

**CLAIM FOR RELIEF OF PLAINTIFFS LARRY W. ALEXANDER AND MISTY ALEXANDER**

20.     At all times material hereto, Plaintiffs LARRY W. ALEXANDER and MISTY ALEXANDER were the owners of a residential dwelling located at 219 3rd Street, in the City of Oberlin, Allen Parish, Louisiana. At all material times, this residence was insured with Defendant GEOVERA SPECIALTY INSURANCE COMPANY under insurance policy number FL60003882.

21.     On or about August 27, 2020, Plaintiffs' residential dwelling suffered a loss due to wind damage.

22.     Plaintiffs made a claim under their property insurance policy (Claim No. 2024224836) with Defendant GeoVera and received a loss payment from Defendant which was less than that to which they were entitled.

23.     More specifically, Defendant GeoVera failed to "round up" and account and pay for a full commercial sales unit of the specified material components on Plaintiffs' property insurance claim, and instead only paid for a fraction of such commercial sales units, leaving Plaintiffs to cover the remainder of the cost of such commercial sales units.

24.     Further, Defendant GeoVera failed to pay Plaintiffs the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted fractions of the full commercial sales units of the specified material components on the property insurance claim;

25.     Further, Defendant GeoVera failed to pay Plaintiffs the state and local taxes on such omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) on the property insurance claim.

26.     Defendant GeoVera knowingly and unlawfully misrepresented to and/or withheld from and/or failed to inform Plaintiffs, prior to the purchase and/or renewal of the insurance

policies at issue, of its interpretation of policy provisions and/or intent or corporate policy of not "rounding up" and accounting and paying for a full commercial sales unit of all the specified material components; the labor unit price thereon; and the state and local taxes on such omitted fractions of the full commercial sales units (and the labor unit price thereon) on property insurance claims.

27.    Plaintiffs are not sophisticated in insurance matters and relied on Defendant GeoVera's expertise and representations in making the decision to renew and/or purchase the policy at issue.

## CLASS REPRESENTATION ALLEGATIONS

28.    Plaintiffs seek certification of a Property Insured Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, which are defined as follows:

**Property Insured Class**

All property insurance policyholders of GEOVERA SPECIALTY INSURANCE COMPANY in the State of LOUISIANA who, between August 31, 2011, and the present made a claim for damage to their property, which was insured by the aforenamed property insurance companies, on which claim the aforenamed property insurance companies wrongfully failed to "round up" and account and pay for a full commercial sales unit for vinyl siding, plywood, OSB sheathing, drywall, paneling, drip edge and roofing felt; the labor unit price thereon, and the state and local taxes on such omitted fractions for the full commercial sales units (and the labor unit price thereon) when paying on property insurance claims. Instead, GEOVERA SPECIALTY INSURANCE COMPANY only paid for a fraction of such commercial sales units, leaving such property insurance policyholders to cover the remainder of the cost of such commercial sales units; the labor unit price thereon, and the state and local taxes on such omitted fractions for the full commercial sales units (and the labor unit price thereon) when paying when paying on property insurance claims; and/or further knowingly and unlawfully failed to inform the policyholders prior to the purchase and/or renewal of the insurance policies at issue of GEOVERA SPECIALTY INSURANCE COMPANY's interpretation of policy provisions and/or intent or corporate policy of not "rounding up" and accounting and paying for a full commercial sales unit of all the specified material components on property insurance claims, the labor unit price thereon, and the state and local taxes on such omitted fractions for the full commercial sales units (and the labor unit price thereon) when paying on property insurance claims.

All directors, officers, agents and/or employees of the aforenamed property insurance companies are to be excluded from the foregoing Class.

29.     This action is properly brought as a class action under Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

(a)     Although the Plaintiffs are unaware of the exact number of Class Members, because GeoVera is a significant provider of property insurance in the State of Louisiana, Plaintiffs believe and therefore allege that class members number in the thousands and are so numerous that joinder of all members is impracticable.

(b)     There is a well-defined community of interest in the questions of law and fact raised in this Complaint between the Plaintiffs herein and the Class. Questions of law and fact common to the Class Members predominate over any questions which may affect only individual members, in that Defendant GeoVera acted in the same wrongful and unlawful manner, and committed the same wrongful practices against the entire Class. Among the questions of law and fact common to the entire Class are:

(i)     Whether the Defendant GeoVera had an obligation to the Plaintiffs herein and the Class Members to "round up" and account and pay for a full commercial sales unit of vinyl siding, plywood, OSB sheathing, drywall, paneling and roofing felt on property insurance claims.

(ii)     Whether Defendant GeoVera had an obligation to the Plaintiffs herein and the Class Members to apply, account and pay for the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted fractions of the full commercial sales units of the specified material components on property insurance claims.

(iii)   Whether Defendant GeoVera had an obligation to the Plaintiffs herein and the Class Members to include compensation for state and local taxes on such omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) on the property insurance claims.

(iv)   Whether the conduct of Defendant GeoVera constitutes breach of contract.

(iv)   Whether the Plaintiffs herein and the Class Members have sustained damages and if so, the proper measure of damages.

(vi) Whether the Plaintiffs herein, and the Class Members are entitled to an award of punitive damages against Defendant GeoVera; and

(vii)   Whether the Plaintiffs herein and the Class Members are entitled to declaratory and injunctive relief or the equitable relief that is requested herein.

30.    The Plaintiffs' claims are typical of the claims of other Class Members which arise from common policy language in the standard property insurance policies issued to the Plaintiffs and Class Members by Defendant GeoVera, and form Defendant GeoVera's claims practices, procedures, courses of dealing, and rules applicable to all Louisiana residents.

31.    The Plaintiffs herein will fairly and adequately protect the interests of the Class Members. The Plaintiffs have no interest antagonistic to those of other Class Members, and the Plaintiffs have retained attorneys experienced in class action and complex litigation as counsel.

32.    A class action is superior to the other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

(a) The questions of law and fact common to the Classes predominate over any question affecting only individual members.

(b) The Classes are so numerous that it is impractical to bring all Class Members before the court.

(c) Given the size of individual Class Members' claims and the expense of litigating those claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant GeoVera committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions. Thus, the Plaintiffs and the other Class Members will not be able to obtain effective and economic legal redress unless the action is maintained as a class action.

(d) This action will promote an orderly and expeditious administration and adjudication of the Class claims: economies of time, effort and resources will be fostered; and uniformity of decision will be ensured.

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties and in obtaining adequate compensation for the damages and injuries which the actions of Defendant GeoVera has inflicted upon the Classes.

(f) When the liability of Defendant GeoVera has been adjudicated, claims of all Class Members can be administered efficiently and/or determined by the Court.

(g) Without class certification, the Class Members will continue to suffer damages, and the violations of law of Defendant GeoVera will proceed without remedy, while said Defendant will continue to reap and retain the substantial proceeds of its wrongful conduct:

(h) Without class certification, the prosecution of separate actions by individual Class Members would create the risk of:

(i) Inconsistent and varying adjudications with respect to the individual Class Members, which would establish incompatible standards of conduct for Defendant GeoVera; and/or

(ii) Adjudications with respect to the individual Class Members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests, including, but not limited to, the potential for exhausting the funds available from Defendant GeoVera to provide a remedy for its wrongful conduct.

33.    The Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude their maintenance as a class action.

34.    The Plaintiffs seek preliminary and permanent injunctive and equitable relief on behalf of the entire Class, on grounds generally applicable to the entire Class:

(a) An Order mandating the adoption by Defendant GeoVera and communication to all their in-house and outside independent claims adjusters, written standards, guidelines and training materials instructing them:

(i) to "round up" and account and pay for a full commercial sales unit for vinyl siding, plywood, OSB sheathing, drywall, paneling and roofing felt on property insurance claims arising under its policies;

(ii) to apply, account and pay for the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted fractions of the full

commercial sales units of specified material components on property insurance claims; and

(iii)  to include compensation for state and local taxes on such omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) on the property insurance claims;

(b) Ordering that Defendant GeoVera appoint and pay the costs of appointing a firm or firms of independent claims adjusters, or public adjusters, to review Defendant GeoVera's claims estimates in respect of the claims of the Plaintiffs and the Class Members and "round up" and calculate: the wrongfully withheld fractions of commercial sales units of vinyl siding, plywood, OSB sheathing, drywall, paneling and roofing felt; the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted fractions of the full commercial sales units of the specified material components; and the state and local taxes thereon, between August 31, 2011, and the present;

(c) Requiring Defendant GeoVera to disgorge all of its ill-gotten gains from the aforesaid corporate scheme and pattern and practice of suppression, misrepresentation or failure to reveal pertinent facts relating to policy provision and coverages and improper claims handling, and from its failure to comply with its policies of insurance and the statutes/regulations relating to the business of insurance and to provide full restitution to the Plaintiffs and Class Members of all monies wrongfully withheld; and

(d) Enjoining and preventing Defendant GeoVera from engaging in the wrongful conduct alleged herein in the future.

## COUNT I — BREACH OF CONTRACT

35.    Plaintiffs incorporate each preceding Paragraph as though fully restated herein.

36.    Defendant GeoVera issued and entered into standard forms of insurance policy contracts with the Plaintiffs and Class Members and were obligated to comply with Louisiana law regarding the issuance of property insurance policies and the handling of claims arising therefrom.

37.    The Plaintiffs' and Class Member's property insurance policies were valid and enforceable at the time of the adjustment of Plaintiffs' and Class Member's claims for property damage at all times relevant hereto.

38.    At all times relevant hereto, all conditions precedent to Defendant GeoVera's liability under the standardized forms of property insurance policies have been performed, including the payment of all premiums necessary to keep the policies in effect during all times relevant to the Complaint.

39.    Such policies uniformly contain language stating that Defendant GeoVera, with regard to covered accidental direct physical loss or damage, will be responsible for the reasonable repair or replacement cost of the component parts damaged for equivalent construction with materials of like kind and quality.

40.    Defendant GeoVera materially breached the terms of the standardized property insurance contract with Plaintiffs and the Class Members by among other things:

(a)    Knowingly and unlawfully failing to "round up" and account and pay for a full commercial sales unit for vinyl siding, plywood, OSB sheathing, drywall, paneling and roofing felt on property insurance claims, and instead only paying for a fraction of the commercial sales unit for these material components, when one cannot purchase a

fraction of a commercial sales unit of these material components and, accordingly, a full commercial sales unit must be purchased to cover the cost of the fraction of a commercial sales unit indicated on Defendant's material components sheets;

(b)   Knowingly and unlawfully failing to apply, account and pay to Plaintiffs and the Class Members for the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted fractions of the full commercial sales units of the specified material components on property insurance claims; and

(c)   Knowingly and unlawfully failing to pay Plaintiffs and the Class Members compensation for state and local taxes on such omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) on the property insurance claims.

41.   As a proximate result of Defendant GeoVera's aforesaid material breaches of its insurance policy contracts, the Plaintiffs and the Class Members have been damaged in an amount to be determined at trial plus interest as allowed by law.

## COUNT II — BREACH OF FIDUCIARY DUTY/BAD FAITH

42.   Plaintiffs incorporate each preceding Paragraph as though fully restated herein.

43.   It is the public policy of the State of Louisiana that the business of insurance is a public trust, and insurers doing business in the state must serve the best interests of their insureds.

44.   Plaintiffs and the Class Members generally had no prior training, expertise, or knowledge concerning residential property insurance or claims handling and/or damage scoping and estimating, including the various statutes, regulations, and rules applicable thereto, and

Plaintiffs and the Class Members relied on the trust they had placed in Defendant GeoVera to provide for the best interests of Plaintiffs and the Class Members.

45.    Defendant GeoVera knew or should have known that Plaintiffs and the Class Members placed trust and confidence in it and it, in turn, accepted the confidence and trust reposed in it by Plaintiffs and the Class Members. Additionally, Plaintiffs and the Class Members were existing policyholders and thus Defendant GeoVera was in special relationships of trust and confidence with Plaintiffs and the Class Members.

46.    Defendant GeoVera was therefore in a fiduciary relationship with Plaintiffs and the Class Members pertaining to residential property insurance, and owed to them a duty of utmost good faith. Defendant GeoVera, as a fiduciary, owed to Plaintiffs and the Class Members a duty to refrain from self-dealing, a duty of loyalty, an overall duty not to take unfair advantage of Plaintiffs and the Class Members, and a duty to act in the best interests of Plaintiffs and the Class Members.

47.    Nevertheless, Defendant GeoVera pursued a pattern and practice of self-dealing which it knew or should have known would injure Plaintiffs and the Class Members by knowingly and unlawfully failing to inform Plaintiffs and the Class Members prior to the purchase and/or renewal of the insurance policies at issue of the insurer's interpretation of policy provisions and/or intent or corporate policy of:

(a) Knowingly and unlawfully failing to "round up" and account and pay for a full commercial sales unit for vinyl siding, plywood, OSB sheathing, drywall, paneling, drip edge and roofing felt on property insurance claims, and instead only paying for a fraction of the commercial sales unit for these material components, when one cannot purchase a fraction of a commercial sales unit of these material components and, accordingly, a full

commercial sales unit must be purchased to cover the cost of the fraction of a commercial sales unit indicated on Defendant's material components sheets;

(b) Knowingly and unlawfully failing to apply, account and pay to Plaintiffs and the Class Members for the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted fractions of the full commercial sales units of the specified material components on property insurance claims; and

(c) Knowingly and unlawfully failing to pay Plaintiffs and the Class Members compensation for state and local taxes on such omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) on the property insurance claims.

In so doing, Defendant GeoVera breached the fiduciary duties which they owed to the Plaintiffs and the Class Members.

48.    The above-described breaches of fiduciary duties by Defendant GeoVera resulted in direct and proximate damages to Plaintiffs and the Class Members in an amount to be determined at trial.

49.    The above-described breaches of fiduciary duties by Defendant GeoVera were not accidental. Said actions as described herein were engaged in knowingly, deliberately, wantonly, willfully and maliciously, in conscious disregard of, and with reckless indifference to, the rights of Plaintiffs and the Class Members. Defendant GeoVera acted solely with a motivation to enhance its own profits and to provide high levels of compensation and bonuses to its uncaring and delinquent claims personnel.

50.    The conduct of Defendant GeoVera alleged herein was undertaken by its officers, directors and managing agents who were responsible for corporate policies, claims operations,

underwriting, communications and other decisions regarding residential property insurance claims. The aforementioned conduct of said officers and managing agents was therefore undertaken on behalf of Defendant GeoVera. Defendant GeoVera and their officers, directors and managing agents further had advance knowledge of the actions and conduct of employees and other individuals, including but not limited to, claims adjusters acting on behalf of Defendant GeoVera whose actions and conduct were ratified, authorized and/or approved by said officers, directors and/or managing agents.

51.     As a result of the Defendant's conduct as outlined above, Plaintiffs are entitled to penalties and attorney's fees pursuant to Louisiana Revised Statutes 22:1892 and 22:1973. Section 1892 of Title 22 provides for a fifty-percent penalty based the amount owed under the policy but not paid within thirty days of receipt of sufficient proof of loss, plus reasonable attorney's fees. Section 1973 provides for a penalty in the amount of two times the actual damages caused by Defendant's breach of its duty of good faith and fair dealing, or $5,000, whichever is greater.

## COUNT III — DECLARATORY AND INJUNCTIVE RELIEF

52.     Plaintiffs incorporate each preceding Paragraph as though fully restated herein.

53.     On information and belief, Defendant GeoVera continues to engage in a corporate scheme and pattern and practice of suppression, misrepresentation or failure to reveal pertinent facts relating to policy provisions and coverages and improper claims handling that constitutes unfair methods of competition and/or unfair or deceptive acts and practices in the trade and conduct of insurance. In particular, Defendant GeoVera continues to commit the following unfair or deceptive acts and practices:

(a)    knowingly and unlawfully failing to "round up" and account and pay for a full commercial sales unit for vinyl siding, plywood, OSB sheathing, drywall, paneling, drip edge and roofing felt on property insurance claims, and instead only paying for a fraction of the commercial sales unit for these material components, when one cannot purchase a fraction of a commercial sales unit of these material components and, accordingly, a full commercial sales unit must be purchased to cover the cost of the fraction of a commercial sales unit indicated on Defendant's material components sheets;

(b)    knowingly and unlawfully failing to apply, account and pay to Plaintiffs and the Class Members for the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted fractions of the full commercial sales units of the specified material components on property insurance claims; and

(c)    knowingly and unlawfully failing to account for and pay Plaintiffs and the Class Members the state and local taxes incurred by the Plaintiffs and the Class Members on such omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) on the property insurance claims;

and further, knowingly and unlawfully failing to inform the Plaintiffs and the Class Members prior to the purchase and/or renewal of the insurance policies at issue of the insurer's interpretation of policy provisions and/or intent or corporate policy of not "rounding up" and accounting and paying for a full commercial sales unit of all the specified material components; accounting and paying for the labor unit price thereon; and accounting and paying for the state and local taxes on such omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) on property insurance claims.

54.    By reason of the foregoing, the Plaintiffs and the Class Members have been and continue to be irreparably harmed and are entitled to preliminary and permanent injunctive, declaratory and equitable relief, as follows:

(a)    An Order mandating the adoption by Defendant GeoVera and communication to all their in-house and outside independent claims adjusters, written standards, guidelines and training materials instructing them:

(i)    to show the percentage for material waste factored into and to "round up" and account and pay for a full commercial sales unit for vinyl siding, plywood, OSB sheathing, drywall, paneling, drip edge and roofing felt on property insurance claims;

(ii)    to apply, account and pay for the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted fractions of the full commercial sales units of the specified material components on property insurance claims; and

(iii)    to include in all future estimates of damage on property insurance claims arising under its policies compensation for state and local taxes incurred by the Plaintiffs and the Class Members on such omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) on the property insurance claims;

(b)    Ordering that Defendant GeoVera appoint and pay the costs of appointing a firm or firms of independent claims adjusters, or public adjusters, to review Defendant GeoVera's claims estimates in respect of the claims of the Plaintiffs and the Class Members and calculate: the wrongfully withheld fractions of commercial sales units for vinyl siding, plywood, OSB sheathing, drywall, paneling, drip edge and roofing felt; the

labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted fractions of the full commercial sales units of the specified material components; and the state and local taxes thereon, between August 31, 2011, and the present;

(c)    Requiring Defendant GeoVera to disgorge all of its ill-gotten gains from the aforesaid corporate scheme and pattern and practice of suppression, misrepresentation or failure to reveal pertinent facts relating to policy provision and coverages and improper claims handling, and from its failure to comply with its policies of insurance and the statutes/regulations relating to the business of insurance and to provide full restitution to the Plaintiffs and Class Members of all monies wrongfully withheld; and

(d)    Enjoining and preventing Defendant GeoVera from engaging in the wrongful conduct alleged herein in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment:

A.    Declaring that this action is properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, certifying the Class described herein, and declaring that the Plaintiffs are proper representatives of the Class.

B.    Declaring Defendant GeoVera to have engaged in unlawful, unfair, deceptive and unconscionable trade practices in the conduct of the business of insurance and enjoining the further commission of those practices.

C.    Mandating the adoption by Defendant GeoVera and communication to all its in-house and outside independent claims adjusters, written standards, guidelines and training materials instructing them:

(1)   to show the percentage for material waste factored into and to "round up" and account and pay for a full commercial sales unit for vinyl siding, plywood, OSB sheathing, drywall, paneling, drip edge and roofing felt in all future estimates of damage on property insurance claims arising under its policies

(2)   to apply, account and pay for the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted fractions of the full commercial sales units of the specified material components on property insurance claims; and

(3)   to include compensation for state and local taxes on such omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) in all future estimates of damage on property insurance claims arising under its policies.

D.   Mandating that Defendant GeoVera appoint and pay the costs of appointing a firm or firms of independent claims adjusters, or public adjusters, to review Defendant GeoVera's claims estimates in respect of the claims of the Plaintiffs and the Class Members and calculate the wrongfully withheld fractions of commercial sales units for vinyl siding, plywood, OSB sheathing, drywall, paneling, drip edge and roofing felt; the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the omitted fractions of the full commercial sales units of the specified material components; and the state and local taxes thereon, between August 31, 2011, and the present;

E.   Awarding the Plaintiffs and the Class Members compensatory damages in a sum equal to: the wrongfully withheld fractions of commercial sales units for vinyl siding, plywood, OSB sheathing, drywall, paneling, drip edge and roofing felt on their property insurance claims; the labor unit price for handling measuring, cutting, fitting, installing and/or disposing of the

omitted fractions of the full commercial sales units of the specified material components on property insurance claims; and the state and local taxes on such omitted fractions of the full commercial sales units of the specified material components (and the labor unit price thereon) on the property insurance claims;

F.       Awarding the Plaintiffs and the Class Members penalties and reasonable attorney's fees pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.

G.       Awarding the Plaintiffs and the Class Members all costs and expenses of litigation, including reasonable attorneys' fees, experts' fees, and other costs;

H.       Awarding the Plaintiffs and the Class Members pre-judgment interest and post-judgment interest as provided by law;

I.       Awarding the Plaintiffs and the Class Members declaratory and injunctive relief as permitted by law or equity including the disgorgement of ill-gotten gains and restitution to the Plaintiffs and Class Members of all monies (plus interest thereon at the legal rate) acquired by means of any act or practice declared by this Court to be unlawful; and

J.       Awarding such other and further relief as may be just and proper.

Respectfully submitted,

*Giroux Trial Attorneys, P.C.*                    *Cox, Cox, Filo, Camel & Wilson L.L.C.*


_____           _____
Robert M. Giroux (P47966)                    Michael K. Cox (La. Bar Roll No. 22026)
Matthew D. Klakulak (P60220)                 Kevin L. Camel (La. Bar Roll No. 21516
28588 Northwestern Highway, Suite 100        723 Broad Street
Southfield, Michigan 48034                   Lake Charles, LA 70601
(248) 531-8665                               (337) 436-6611
rgiroux@greatMIattorneys.com                 mike@coxatty.com
mklakulak@greatMIattorneys.com               kevin.camel@coxcoxfilo.com


Dated:  August 31, 2021