UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LARRY W ALEXANDER ET AL**             **CASE NO. 2:21-CV-03166**

**VERSUS**                              **JUDGE JAMES D. CAIN, JR.**

**GEOVERA SPECIALTY INSURANCE CO**      **MAGISTRATE JUDGE KAY**

<u>**MEMORANDUM RULING**</u>

Before the Court is "Defendant Geovera Specialty Insurance Co.'s Motion to Dismiss the Complaint and/or Strike the Class Action Allegations" (Doc. 20) Geovera maintains that Plaintiffs have failed to allege a breach of a specific policy provision and facts that could plausibly establish that the total payment they received was less than what their policy requires. In other words, the Complaint fails to allege any facts regarding Plaintiffs' loss, such as the adjustment of their insurance claim, any specific policy provision, or facts that would establish that Plaintiffs' total payment was insufficient. In addition, Defendant maintains that (1) Plaintiffs' claim for injunctive relief is (1) time-barred by the two-year contractual limitations period in the policy, and/or (2) barred because Plaintiffs have an adequate remedy at law in the form of monetary damages. Finally, Defendant maintains that Plaintiffs' claim for insurance bad faith fails because such a claim is unavailing in the absence of a viable breach of contract claim.

Defendant further moves to strike Plaintiffs' class action allegations because (1) Plaintiffs cannot satisfy any of the requirements of Rule 23(b) of the Federal Rules of Civil Procedure, (2) Rule 23(b)(1) is inapplicable, (3) there is no risk of inconsistent

adjudications creating incompatible standards of conduct, and (4) Plaintiffs have not alleged the existence of a limited fund.

Subsequent to the Motion to Dismiss and Motion to Strike, Plaintiffs filed a Second Amended Complaint to cure the alleged deficiencies argued by Defendant. In response, Defendants filed "Defendant Geovera Specialty Insurance Co.'s Motion to Dismiss the Second Amended Class Action Complaint and/or Strike the Class Action Allegations" (Doc.35) to address the new allegations.

The Court will deem the first Motion to Dismiss the Complaint and/or Strike the Class Action Allegations (Doc. 20) filed by Defendant Geovera Specialty Insurance Co. as moot and consider Defendant Geovera Specialty Insurance Co.'s Motion to Dismiss the Second Amended Class Action Compliant and/or Strike the Class Action Allegations (Doc.35).

Defendant argues that Plaintiffs' breach of contract claims should be dismissed because plaintiff have not alleged facts to plausibly establish that the total payment received was insufficient. Defendant also move to dismiss Plaintiffs' bad faith claims pursuant to Louisiana Revised Statute 22:1892 and to strike Plaintiffs' class allegations.

## **INTRODUCTION**

In their Second Amended Complaint,[1] Plaintiffs allege that at some undetermined time and continuing through the current date, Defendant engaged in a corporate pattern and practice of breaching its insuring agreements with its insureds by violating Louisiana

---
[1] Doc. 34.

Revised Statute 22:1892.[2] Plaintiffs complain that Defendant employed default settings within its Xactimating software that caused its estimates to result in underpayments. Specifically, Plaintiffs allege that the software failed to "round up" and account and pay for a full commercial sales unit for plywood, drywall, drip edge and roofing felt on property insurance claims.[3] Instead the software paid for only a fraction of commercial sales units for these material components, despite the fact that a person cannot purchase a fraction of a commercial sales unit of these material components.[4]

Plaintiffs further complain that Defendant's software failed to apply, account, and pay for the labor unit price for handling measuring, cutting, fitting, installing, and/or disposing of the omitted fractions of the full commercial sales units of the specified material components on property insurance claims as well as the state and local sales tax associated with the omitted fractions.[5]

Plaintiffs suggest that such a practice is a breach of Condition D.2.a(2)-(3) of its property insurance policy pertaining to "Loss Settlement."[6] Consequently, Plaintiffs assert that residents of the state of Louisiana who have made claims for property damage under property insurance policies issued by Defendant have received less in payment on their property insurance claims than Defendant was obligated to pay or that Plaintiffs and the Class Members were entitled to receive based upon the failure to "round up" and account

---

[2] Second Amended Complaint, ¶ 8, Doc. 34.
[3] *Id.* at ¶ 9.
[4] *Id.*
[5] *Id.*
[6] Defendant's exhibit 1, p. 14.

and pay for a full commercial sales unit of all the specified material components; the labor unit price thereon; and the state and local taxes on such omitted fractions of the full commercial sales units.

## RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curium) citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliot v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). The plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true. *Oppenheimer v. Prudential Securities, Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992).

"In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations . . ." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Under Rule 8 of the Federal Rules of Civil Procedure, the pleading standard does not require a complaint to contain "detailed factual allegations," but it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). A complaint that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.*, at 570, 127 S.Ct. 1955.

## LAW AND ANALYSIS

Defendant moves to dismiss Plaintiffs' claims with prejudice for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike the class allegations under Rule 23(d)(1)(D) of the Federal Rules of Civil Procedure.

*Breach of contract*

Defendant argues that the breach of contract claim must be dismissed because the Second Amended Complaint does not allege that the total payment was insufficient under the policy terms. Defendant complains that Plaintiffs have failed to allege whether any repairs were completed, and if so the cost. Defendant also complains that Plaintiffs have failed to allege which, if any, of the four building components at issue have been replaced by a contractor or what the contractor actually charged to perform the work, or if Plaintiffs asked GeoVera to pay more for an additional fraction of the commercial unit.

Defendant refers the Court to the "Loss Settlement" provision of the policy which expressly states that GeoVera's payment obligation is limited to actual cash value ("ACV") of the damage until actual repair or replacement is complete, and if repairs are completed, GeoVera is obligated to pay the replacement cost ("RCV"). However, the policy also provides that policyholders cannot recover more than "[t]he necessary amount actually spent to repair or replace the damaged building."[7] Defendant argues that nothing in the policy requires that the replacement cost value or actual cash value be estimated (or

---

[7] Defendant's exhibit 1, p. 20.

payment made) in a specific manner or in specific amounts for individual building components.

Defendant points out that the Second Amended Complaint does not plead a breach of the ACV provision because that provision applies only if Plaintiff chose not to make repairs or elected not to make an RCV claim. Defendants argue that the putative class action should not be allowed to proceed without a plausible allegation of a breach of a specific policy provision.

Defendant argues that Plaintiffs' breach of contract claim should be dismissed because Plaintiffs have not alleged any facts to plausibly establish that the total payments received was insufficient citing *Nguyen v. St. Paul Travelers Ins. Co.*, 2008 WL 4691685 (E.D. La. Oct. 22, 2008) (holding that the policy did "not provide that it will pay to every insured the market rate for each item in need of repair. The contract provided that [the insurer] will pay the insured the total amount that is reasonably necessary to repair or replace the property.") *Id.* at *5.

Plaintiffs rely on *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 703 (5th Cir. 2020), wherein the Fifth Circuit held that the breach of contract claims depends on whether the insurer properly calculated the amount of the claim at the outset, despite the insurer's claims that it may have overpaid the total claim.

Defendant argues that Plaintiffs' reliance on *Mitchell* is misplaced because the quoted portions of the *Mitchell* case came from its analysis of class certification. The *Mitchell* court held that any overestimations did not defeat predominance because the class

payment made) in a specific manner or in specific amounts for individual building components.

Defendant points out that the Second Amended Complaint does not plead a breach of the ACV provision because that provision applies only if Plaintiff chose not to make repairs or elected not to make an RCV claim. Defendants argue that the putative class action should not be allowed to proceed without a plausible allegation of a breach of a specific policy provision.

Defendant argues that Plaintiffs' breach of contract claim should be dismissed because Plaintiffs have not alleged any facts to plausibly establish that the total payments received was insufficient citing *Nguyen v. St. Paul Travelers Ins. Co.*, 2008 WL 4691685 (E.D. La. Oct. 22, 2008) (holding that the policy did "not provide that it will pay to every insured the market rate for each item in need of repair. The contract provided that [the insurer] will pay the insured the total amount that is reasonably necessary to repair or replace the property.") *Id.* at *5.

Plaintiffs rely on *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 703 (5th Cir. 2020), wherein the Fifth Circuit held that the breach of contract claims depends on whether the insurer properly calculated the amount of the claim at the outset, despite the insurer's claims that it may have overpaid the total claim.

Defendant argues that Plaintiffs' reliance on *Mitchell* is misplaced because the quoted portions of the *Mitchell* case came from its analysis of class certification. The *Mitchell* court held that any overestimations did not defeat predominance because the class

excluded claimants who requested replacement cost payments, *Mitchell,* 954 at 711. However, the court did not address whether or not an insured must allege that the total payment was insufficient to state a claim for breach of contract. Here, the putative class includes both ACV and RCV claimants and attempts to challenge the estimated replacement cost and allege a breach of the RCV provision.

Defendant argues that there is no provision in the policy that requires GeoVera to estimate RCV or ACV, or pay RCV or ACV in specific amounts for individual building components. Furthermore, Plaintiffs do not allege sufficient facts concerning whether they completed repairs and were seeking RCV, or if they were seeking ACV. Plaintiffs only allege underpayment as to certain components but fail to allege that they were underpaid as to their total payment.

The Court is concerned that Plaintiffs have failed to allege sufficient facts to establish a breach of contract claim. However, because this case is in its infancy and discovery has not been conducted, the Court will allow Plaintiffs to amend their Complaint to cure these deficiencies.

*Class allegations*

Plaintiffs bring their claims on behalf of a putative class consisting of GeoVera's property insurance policyholders in Louisiana, from August 31, 2019, to present. The Property insured Class is defined as:

> All property insurance policyholders of GEOVERA SPECIALTY INSURANCE COMPANY ("GeoVera") in the State of LOUISIANA who, between August 31, 2019 and the present made a claim and received a loss payments from Defendant for damage to their insured property, which claim

included one or more of the following specified material components: plywood, drywall, drip edge and roofing felt.[8]

Plaintiffs allege that there are thousands of class members who had a well-defined community of interest in law and fact.[9] Plaintiffs allege that GeoVera set its Xactimate estimating system software default settings to not "roundup" and account and pay for a full commercial sales unit of plywood, drywall, drip edge and roofing felt on property insurance claims.[10]

Plaintiffs allege that the common questions of fact and law for the entire Class include:

(i) Whether GeoVera had an obligation under property insurance policies under Condition D.2.a(2)–(3) of its property insurance policies pertaining to "Loss Settlement"[11] to the Plaintiffs and the Class Member to "round up" and account and pay for a full commercial sales unit of plywood, drywall, drip edge and roofing felt on property insurance claims;

(ii) Whether GeoVera had an obligation to Plaintiffs and Class Members to apply, account and pay for the labor unit price for handling measuring, cutting, fitting, installing, and/or disposing of the omitted fractions of the full commercial sales units of the specified material components on property insurance claims;

---

[8] Second Amended Complaint, ¶ 26, Doc. 34.
[9] *Id.* ¶ 27.
[10] *Id.* ¶ 27(b)(i).
[11] Plaintiff's exhibit 1, pp. 14, attached to Second Amended Complaint.

> (iii) Whether GeoVera had an obligation to the Plaintiff and Class Members to include compensation for state and local taxes on such omitted fractions of the full commercial sales units of the specified material components on the property insurance claims;
>
> (iv) Whether the conduct of GeoVera constitutes breach of contract;
>
> (v) Whether the Plaintiffs and the Class Members have sustained damages, and if so, the calculation of those damages utilizing the proper default settings in Xactimate;
>
> (vi) Whether the Plaintiffs and Class Members are entitled to an award of penalties and reasonable attorney's fees pursuant to Louisiana Revised Statute 22:1892 for Defendant's failure to pay the full amount owed to Plaintiffs within 30-days of proof of loss.[12]

A court must determine whether a class can be certified "[a]t an early practicable time." Federal Rule of Civil Procedure 23(c)(1)(A). The court may "require the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly. Federal Rule of Civil Procedure 23(d)(1)(D). The Supreme Court has recognized that where it is apparent from the pleadings that a class cannot be certified, it is appropriate to strike the class allegations on the pleadings. *See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly

---

[12] *Id.*

encompassed within the named plaintiff's claim.") *See also In re Katrina Canal Breaches Litig.*, 401 Fed. App'x 884, 886-87 (5th Cir. 2010) (affirming decision striking class allegations on the pleadings in Hurricane Katrina property insurance case); *John v. Nat. Security Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegations on the pleadings.") At the pleadings stage, the plaintiff is required to allege facts sufficient to establish that the class certification elements of Rule 23 are satisfied. *Drummond v. Stone,* 7 F.3d 229, 1993 WL 413872, at *3 (5th Cir. Oct. 6, 1993) (per curiam; unpublished).

Rule 23(a) requires as prerequisites to class certification that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Federal Rule of Civil Procedure 23(a). In addition, Rule 23(b)(3) requires that the court find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.*

Defendant argues that the class action allegations fail under Rule 23 because Plaintiffs are unable to show that the total amount they received to repair their property

was not sufficient, and that although it did not round up on certain material components, it may have overpaid on other materials.

Plaintiffs remark that the Fifth Circuit has rejected this argument in a similar class action and held that the breach of contract claims depends on whether the insurer properly calculated the amount of the claim at the outset, despite the insurer's claims that it may have overpaid the total claim. *Mitchell v. State Farm Fire & Cas. Co.*, 954 F.3d 700, 703 (5th Cir. 2020). As noted above, the *Mitchell* class is distinguishable from this case.

The Court understands that it will be necessary to calculate how much money may have been withheld based on GeoVera's default settings which failed to round up and account for commercial units of the four, components, and that this value will then need to be compared to the total amount paid to determine if sufficient payment was made as to each individual Plaintiff. However, as noted by Plaintiffs, Defendants cannot support a motion to dismiss by asserting an affirmative defense of offset. Furthermore, "the necessity of calculating damages on an individual basis will not necessarily preclude class certification." *Steering Comm. V. Exxon Mobil Corp.*, 461 F.3d 598, 602 (5th Cir. 2006) (*citing Bell Atl .Corp. v. AT&T Corp.*, 339 F.3d 294, 306 (5th Cir. 2003)).

As to predominance, Plaintiffs argue that the same evidence will suffice for each member on a class-wide basis because one need only review the member's claims in Xactimate and adjust the fractional units to whole units for the specified material components. The associated labor costs and sales taxes would be automatically calculated once the material amounts are properly adjusted. Plaintiffs assert that they have alleged

and will demonstrate at trial that the amounts of the specified material components may be easily toggled in Xactimate to calculate the whole units. Plaintiff also assert that GeoVera used standardized polices to the proposed class members and reduced the amount it calculated as actual cash value by using a default setting in Xactimate that did not round up to the full commercial united for certain material components resulting in an underpayment of the amount owed under the policy.

Plaintiffs cite several cases where the court have rejected the same sufficiency argument made by Geovera herein. *Mitchell, supra,*; *Arnold v. State Farm Fire & Cas. Co.*, 2020 WL 6879271 (S.D. Ala. Nov. 23, 2020); *Hicks v. State Farm Fire & Cas.co.*, 965 F.3d 452, 462 (6th Cir. 2020) (In addition, the Sixth Circuit reiterated that "common proof may likely be used to resolve any question because an overestimation error would operate in favor of insured.") citing *Stuart v. State Farm Fir & Cas. Co.*, 910 F.3d 371, 376-77 (8th Cir. 2018) ("[I]nsureds were under no obligation to use the ACV payment to actually repair or replace the damaged property, so any overestimation by State Farm simply operates as an error in the insured's favor.")

Defendant argues that in the *Mitchell* case, the court dismissed Plaintiffs' extra-contractual claims. *Mitchell*, 954 F.3d at 707–09. Here, Plaintiffs assert a statutory claim pursuant to Louisiana Revised Statute 22:1892.[13] The Fifth Circuit has affirmed a district court's decision striking class allegations that the individualized inquiries about

---

[13] Second Amended Complaint, ¶¶ 37–38.

reasonableness required to adjudicate such a claim caused individual issues to predominate with respect to such a claim. *Katrina Canal Breaches Litig.*, 401 F.App'x at 886–87.

Defendant argues that this case is inappropriate for class action status because of the risk of claim-splitting. Plaintiffs argue that there is no risk that the class action to recover the unpaid fractional amounts will jeopardize the class members ability to make other claims because the Court retains authority to amend the class definition and provide for opt outs. Moreover, Plaintiffs' claim herein involves a discrete component of the initial calculation of the ACV payment made by GeoVera at the inception of the claim, and payment of ACV is not a settlement of the property damage.

Defendants remark that Plaintiffs' reliance on *Slade v. Progressive Security Insurance Co.*, 856 F.3d 408 (5th Cir. 2017) is misplaced, and that the case actually supports striking the class allegations. In *Slade*, the Fifth Circuit held that the risk of preclusion when a class representative foregoes certain claims must be considered in analyzing superiority. *Id.* at 412-14. Defendant argues that the factors identified by the Fifth Circuit weigh strongly in favor of concluding that the risk of preclusion prevents class certification here because there is a risk that absent class members will forfeit claims and the high value of those waived claims. *Id.* at 413. Defendant explains that by pursuing only claims the GeoVera failed to include omitted fractions of a few building components in its initial estimates, Plaintiffs may preclude absent class members from pursuing other, more valuable claims. Defendant suggests that event though Plaintiffs contend that putative class members' ability to opt-out would cure any preclusion problem, the Fifth Circuit has

recognized that "[i]f the risk of future preclusion of a valuable claim is disproportionately high, a class representative may be inadequate even assuming opt-out protections." *Slade*, 856 F.3d at 415 n.3.

Again, the Court finds that this case is in its infancy and that it would be premature at this state of the proceeding to strike the class allegations. The Court will allow Plaintiffs to amend their complaint to address the Court's concerns regarding the class allegation and the breach of contract claim.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss the Second Amended Class Action Complaint and/or Strike the Class Action Allegations will be denied, and Plaintiffs will be allowed to amend their Complaint.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of March, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATE DISTRICT JUDGE**