UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LARRY W. ALEXANDER, ET AL.** | **:** | **CASE NO. 2:21-cv-03166** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **GEOVERA SPECIALTY INSURANCE CO.** | **:** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion to Strike the class allegations in plaintiff's third amended complaint filed by defendant GeoVera Specialty Insurance Company. Doc. 43. The motion is opposed by plaintiffs Larry and Misty Alexander. Doc. 45.

For the reasons stated, the Motion to Strike should be **DENIED**.

### I.
#### BACKGROUND

This action is a putative class action against defendant GeoVera Specialty Insurance Company for breach of insurance agreement and violation of Louisiana Insurance Code Section 22:1892. Doc. 41, ¶¶ 8–9. In their third amended complaint, plaintiffs allege that defendant engaged in "a corporate pattern and practice of improper claims adjusting and payment." *Id.* Specifically, plaintiffs allege that defendant's actions caused defendant's Louisiana policyholders (plaintiffs and putative class members) to receive less in payment on their property insurance claims than defendant was obligated to pay or than plaintiffs and the putative class members were entitled to receive. *Id.* at ¶ 15. Plaintiffs define the putative class as "All property insurance policyholders of GEOVERA SPECIALTY INSURANCE COMPANY in the State of LOUISIANA who, between August 31, 2019 and the present made a claim and received a loss

payment from Defendant for damage to their insured property, which claim included one or more of the following specified material components: plywood, drywall, drip edge and roofing felt." *Id.* at ¶ 27.

Defendant filed the instant motion to strike the class allegations in plaintiffs' third amended complaint.[1] Doc. 43. According to defendant, plaintiff cannot satisfy Federal Rule of Civil Procedure 23(b)(3)'s predominance requirement for class certification. *Id.* at p. 1. In their opposition [doc. 45], plaintiffs disagree and urge this court to allow the parties to conduct discovery instead of granting the motion to strike at "this early stage of the proceedings." Doc. 45, p. 5. Defendant replies that "courts can and do strike class allegations on the pleadings where it is apparent from the pleadings that a class cannot be certified." Doc. 46, pp. 8–9.

## II.
### LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 12(f), the court may strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 23(d), the court may "require that the pleadings be amended to eliminate allegations about representation of absent persons." Fed. R. Civ. P. 23(d)(1)(D). "Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. National Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). *See also General Tel. Co. of Sw. v. Falcon*, 102 S.Ct. 2364, 2372 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may

---

[1] In a footnote, defendant lists Federal Rule of Civil Procedure 23(d)(1)(D), and alternatively Rules 12(b)(6), 12(c), and 12(f), as the bases of this motion. Doc. 43, att. 1, p. 8, n.2. However, the parties only briefed arguments under Rule 23; accordingly, we limit our inquiry to Rule 23 and its applicable case law.

be necessary for the court to probe behind the pleadings before coming to rest on the certification question.").

Defendant argues that plaintiffs' class allegations should be stricken "because it is apparent from the pleadings that Plaintiffs cannot satisfy the predominance requirement of Rule 23(b)(3)." Doc. 43, att. 1, p. 5. Specifically, defendant claims that adjudicating the putative class members' claims will "turn on a variety of facts specific to each putative class member" and that the state law bad faith claim requires adjudicating individual issues for each class member that will overwhelm any common issues. *Id.* at pp. 5–6. Defendant relies on *In re Katrina Canal Breaches Litigation* for support. 401 F. App'x. 884 (5th Cir. 2010). In that case, the Fifth Circuit affirmed the district court's denial of class certification. *Id.* Significantly, that case was at the class certification stage of the proceedings. The case at issue is at an earlier stage: defendant filed the motion to strike class allegations before a scheduling order was entered or any discovery was conducted. Doc. 45, p. 14. Thus, the *In re Katrina Canal Breaches Litigation* case is distinguishable from this case.

Defendant's arguments for striking the class allegations all rest on defendant's assertion that plaintiffs cannot satisfy the predominance requirement. Plaintiffs, however, argue that it is too soon in the litigation to come to such conclusions, asserting that district courts are "reluctant" to strike class allegations before discovery has been conducted. *Id.* at p. 12. Defendant disagrees, relying on *John v. National Security Fire and Casualty Company*, in which the Fifth Circuit upheld the district court's dismissal of plaintiffs' class allegations on the pleadings. 501 F.3d at 445. However, the *John* opinion is distinguishable from the instant case because there, Fifth Circuit analyzed a motion to dismiss under Rule 12(b)(6), not a motion to strike. *Id.* (affirming dismissal

of class allegations because plaintiffs proposed two new classes on appeal instead of supporting the class proposed to the district court).

After reviewing the parties' arguments and the relevant case law, we find it would a better practice to assess the propriety of the class allegations through a motion for class certification after discovery has occurred rather than on the current motion to strike. *See Gant v. Whynotleaseit, LLC*, No. H-13-3657, 2014 WL 12606313, at * 2 (S.D. Tex. Dec. 11, 2014) (finding a motion to strike class allegations premature when discovery was ongoing); *Scott v. Scribd, Inc.*, No. H-09-3039, 2010 WL 11646816, at *1 (S.D. Tex. Feb. 24, 2010) (finding defendant's motion to strike class allegations premature where—as in the matter at hand—there was no scheduling order and no discovery had been conducted at the time the motion was filed). *See also Grant v. Houser*, Nos. 10-805, 10-872, 2010 WL 3303853, at *6 (E.D. La. Aug. 17, 2010) (dismissing procedurally deficient claims but finding it premature to determine whether plaintiffs' other class claims could meet the Rule 23 requirements while discovery was ongoing, saving the inquiry for a motion to certify the class).

Due to the foregoing, we find that it is too early in the litigation to determine the sufficiency of the class allegations. Thus, the motion to strike is DENIED.

### III.
### CONCLUSION

For the foregoing reasons,

IT IS ORDERED that the Motion to Strike [doc. 43] is **DENIED**.

THUS DONE AND SIGNED in Chambers this 13th day of January, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE